**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated, | No. CV-22-01989-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Victor S Cabellos, et al., | |
| Defendants. | |

Before the Court is Defendants' motion for summary judgment (Doc. 56), which is fully briefed (Docs. 66, 67.) The Court heard oral argument on April 25, 2024. (Doc. 73.) As explained below, the motion is granted.

**I.     Background**

Defendants operate a family business called Atlantis Mariscos & Sushi ("Atlantis") in Avondale, Arizona. The premises consists of at least two rooms, an eating area and a bar area. On March 29, 2022, while the establishment was open for business, one of the managers of Atlantis, Victor M. Cabellos ("Victor M.") used a mobile app, FuboTV, to transmit a soccer match ("the Match") to a television in Atlantis to a handful, "no more than seven (7) people in a room," of "Peruvian family members and friends in the restaurant that day." (Doc. 56 at 18-19.) A large television on the far-right wall showed the Match. (Doc. 66 at 42.) There were other patrons of Atlantis in an adjoining room.

1    FuboTV is a paid app and streaming service, which receives its signal from the internet, allowing users to stream sporting events and live TV channels. (Doc. 56 at 18-19, 23, 27.) Victor M. opened the app on his personal phone and selected the Match. (Doc. 66 at 42.)

Plaintiff, Innovative Sports Management Incorporated ("ISM"), which owns the exclusive nationwide commercial distribution rights to the Match, sued Defendants pursuant to 47 U.S.C. §§ 553 and 605 for the unauthorized broadcast of the Match in their commercial establishment.

## II.  Legal Standard

Summary judgment is appropriate when, viewing the facts in a light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party based on the competing evidence. *Id.*

Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, the party seeking summary judgment bears the initial burden of informing the Court of the "basis for its motion, and identifying those portions of the [record] which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323 (citations and internal quotations omitted). The burden then shifts to the non-movant to establish the existence of a genuine dispute of material fact. *Id.* at 324. The non-movant may not simply rest upon the allegations of her pleadings. Rather, the non-movant must point to "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Furthermore, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine

issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

### III. Analysis

It is no defense to a claim under §§ 553 or 605 that the Match was displayed "via the internet." *G and G Closed Circuit Events, LLC v. Liu,* 45 F.4th 1113, 1117 (9th Cir. 2022). However, to withstand a motion for summary judgment, ISM must point to specific facts showing that there is a genuine issue for trial. ISM carries the burden of proving that Defendants' display of the Match involved a transmission by cable or satellite. To establish that Defendants violated § 553, ISM must produce evidence that would address whether the fight was relayed by way of a "facility, consisting of a set of closed transmission paths" or "provided to multiple subscribers within a community," such that the Match could have been transmitted by way of a "cable system." To establish a violation of § 605, ISM would need to produce evidence that Defendants' display of the Match involved a "transmission by radio of writing, signs, signals, pictures, and sounds of all kinds" or otherwise involved a satellite transmission, or evidence showing that FuboTV obtained the Match from a satellite or cable provider. *Id.* at 1117.

In its response, ISM did not reference any evidence described above. Instead, at oral argument, counsel indicated that he would establish the method of relay through cross-examination of Victor M. at trial. As the Ninth Circuit explained in *Liu*: "This posture made it impossible for the district court to undertake the basic exercise of comparing the facts of the case to the statutory language to assess whether §§ 553 or 605 regulate [Defendants'] conduct." *Id.* ISM has failed to meet its burden of production to establish the existence of a question of fact regarding whether Defendants' method of transmitting the Match was a violation of either § 553 or § 605. Accordingly,

/ / /

/ / /

/ / /

1   **IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 56) is
2   **GRANTED**. The Clerk shall enter judgment in favor of Defendants and terminate this
3   case.

4   Dated this 29th day of April, 2024.

Douglas L. Rayes
United States District Judge